IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRITT JARIEL HAMMONS,**

        Plaintiff**,**

v.                                                     Civil Action No.: 5:24-CV-4
                                                              Judge Bailey

**COLETTE PETERS,** Director of the Bureau
of Prisons, **LINDA GETE,** Senior Director,
**C. GOMEZ,** Regional Director, **MRS S.
LOVETT,** Complex Warden, and
**MS. OR MRS. S. BROWN,** Assistant Warden
At U.S.P. Hazelton**,**

        Defendants**.**

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on January 8, 2024, by filing a Complaint under ***Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics***, 403 U.S. 388 (1971).  This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons that follow, the undersigned recommends the case be dismissed.

### II. The Complaint

Plaintiff's Complaint brings four claims each challenging plaintiff's imprisonment based on a claim of actual innocence.  First, plaintiff alleges the Director of the Bureau of Prisons ("BOP"), Colette Peters, the Senior Director, Linda Gete, and the Regional Director, Mrs. S.

1

C. Gomez, are allowing the Warden of USP Hazelton to hold plaintiff despite plaintiff bringing his actual innocence to their attention. [Doc. 1 at 7–8]. Second, plaintiff alleges the same defendants are allowing the Warden to commit treason against the Constitution, alleging that he is actually innocent of his conviction and sentence and that Warden Lovett has denied his application for a sentence reduction. [Id. at 8]. Third, plaintiff alleges that the same defendants are allowing Warden Lovett to hold him illegally, that there has been no attempt to release him from unlawful confinement, and that he is subject to harassment and unfair treatment by staff as a result. [Id.]. Fourth, that all named defendants are causing serious harm to his mental and physical well being through Warden Lovett's negligence; plaintiff alleges "Mr. Hammons Actually Innocent claim is causing Mr. Hammons some hard ship its depriveding of equal protection of the law and due process of the law" (sic). [Id. at 8–9]. For relief, plaintiff asks that he be immediately released from confinement and for defendants to pay damages, provided in an attached exhibit. [Id. at 9].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state

a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous.  See **Neitzke** at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." ***Denton v. Hernandez***, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See ***Estelle v. Gamble***, 429 U.S. 97, 106 (1976).

## IV. <u>Analysis</u>

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint fails to state a claim.  Pursuant to **Bivens**, an individual federal agent may be found liable for actions "in excess of the authority delegated to him."  403 U.S. at 397.  In ***Heck v. Humphrey***, 512 U.S. 477 (1994), the United States Supreme Court found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

**Heck** at 487 (footnote omitted).  Although **Heck** involved a § 1983 claim, the Fourth Circuit has held that it equally applies to **Bivens** claims.  ***Covey v. Assessor of Ohio Cnty.***, 777 F.3d 186, n. 8 (4th Cir. 2015).  Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  **Heck** at 484.

Here, a judgment in favor the plaintiff "would necessarily imply the invalidity of his conviction or sentence" and the Complaint must therefore be dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  **Heck** at 477.

---

[1] ***Id.*** at 327.

Plaintiff has not shown that his conviction or sentence has been invalidated, nor does a review of the docket in plaintiff's criminal case on PACER reflect any such invalidation.[2]

### V. Recommendation

For the reasons set forth above, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim and that his pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court.  The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

---

[2] *See **United States v. Hammons***, 5:04-CR-00172-F-1 (W.D. Ok. 2005). ***Philips v. Pitt Cnty. Mem. Hosp.***, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last known address as reflected on the docket sheet.

**DATED**: January 9, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE