IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRITT JARIEL HAMMONS,**

      Plaintiff,

v.                                                    **CIVIL ACTION No. 5:24-CV-4**
                                                          Judge Bailey

**COLETTE PETERS,** Director of the Bureau
of Prisons**, LINDA GETE,** Senior Director, **C.
GOMEZ,** Regional Director, **MRS S. LOVETT,**
Complex Warden, and **MS. OR MRS. BROWN,**
Assistant Warden at U.S.P. Hazelton,

      Defendant.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 7]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 9, 2024, wherein he recommends that the Complaint be dismissed with prejudice for failure to state a claim. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

On January 8, 2024, plaintiff initiated this action by filing a Complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In his Complaint, plaintiff brings four claims each challenging his imprisonment based on

1

a claim of actual innocence. See [Doc. 1]. First, plaintiff alleges the Director of the Bureau of Prisons ("BOP"), Colette Peters, the Senior Director, Linda Gete, and the Regional Director, Mr. C. Gomez, are allowing the Warden of U.S.P. Hazelton to hold plaintiff despite plaintiff bringing his actual innocence to their attention. [Id. at 7–8]. Second, plaintiff alleges the same defendants are allowing the Warden to commit treason against the Constitution, alleging that he is actually innocent of his conviction and sentence and that Warden Lovett has denied his application for a sentence reduction. [Id. at 8]. Third, plaintiff alleges that the same defendants are allowing Warden Lovett to hold him illegally, that there has been no attempt to release him from unlawful confinement, and that he is subject to harassment and unfair treatment by staff as a result. [Id.]. Fourth, that all named defendants are causing serious harm to his mental and physical well being through Warden Lovett's negligence; plaintiff alleges "Mr. Hammons Actually Innocent claim is causing Mr. Hammons some hard ship its depriveding of equal protection of the law and due process of the law" (sic). [Id. at 8–9]. For relief, plaintiff asks that he be immediately released from confinement and for defendants to pay damages. [Id. at 9].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed an objection [Doc. 14] on February 7, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

In the R&R, Magistrate Judge Mazzone recommended that plaintiff's case be dismissed with prejudice for failure to state a claim based on **Heck v. Humphrey**, 512 U.S. 477 (1994). More specifically, Magistrate Judge Mazzone held:

> Here, a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence" and the Complaint must therefore be

3

dismissed "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." **Heck** [**v. Humphrey**, 512 U.S. 477 (1994)]. Plaintiff has not shown that his conviction or sentence has been invalidated, nor does a review of the docket in plaintiff's criminal case on PACER reflect any such invalidation.

[Doc. 7 at 3–4].

After receiving an extension to file objections, plaintiff filed his objections on February 7, 2024. See [Doc. 14]. However, none of plaintiff's objections address Magistrate Judge Mazzone's finding that plaintiff's claims are barred by **Heck**. A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 7**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objection [**Doc. 14**] is **OVERRULED**. Plaintiff's Complaint [**Doc. 1**] is **DISMISSED WITH PREJUDICE** and the Motion for Leave to Proceed in forma pauperis [**Doc. 2**] is **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the pro se plaintiff.

**DATED:** February 7, 2024.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**